272 So.2d 862 (1973)
F. Earl INGERSON, As Administrator and Personal Representative of Emma Duncan, Deceased, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellees.
No. 72-567.
District Court of Appeal of Florida, Third District.
January 31, 1973.
Rehearing Denied February 26, 1973.
Pettigrew & Bailey, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and George E. Orr; Sherouse & Virgin, Miami, for appellees.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
This action grew out of an automobile accident. The plaintiff's decedent Emma Duncan, who died as a result of injuries received therein, was a passenger seated in the rear seat of an automobile owned by the appellee Frank A. Talley and being driven by his wife the appellee Mary B. Talley, who was a daughter of the decedent.
The Talley automobile had been proceeding west on Northwest 119th Street in North Miami. The accident occurred at an intersection where traffic was controlled by a signal light. At the time involved, the light was green for traffic using Northwest 119th Street. It was late afternoon, becoming dark, and it was or *863 had been raining. The driver Mary Talley, upon reaching the intersection, proceeded to make a left turn. An automobile driven by the defendant-appellee Carolyn Harring, proceeding east on Northwest 119th Street, struck the right rear side of the Talley vehicle, with the unfortunate result above noted.
At trial the court directed a verdict in favor of the defendant Harring and her insurer. That ruling imported the court concluded that upon no reasonable view of the evidence could the jury find in favor of the plaintiff against the defendant Harring, and thereby held as a matter of law said defendant was not guilty of negligence proximately causing or contributing to cause the collision.
Due to the status of the plaintiff's decedent as a guest passenger in the Talley automobile, plaintiff's complaint against the Talleys was predicated upon alleged gross negligence of the driver Mary Talley, being the degree of negligence necessary to furnish a cause of action under the provisions of the guest passenger statute, § 320.59 Fla. Stat., F.S.A.
The collision occurred on June 13, 1967. The action was filed April 23, 1971. The jury trial was held on February 25, 1972. The guest passenger statute was repealed by an act of the legislature which became effective approximately ten days before trial of the case,[1] a fact of which neither the trial court nor the parties appear to have been aware at the time of trial and judgment. At the trial, a jury charge on gross negligence was requested by the plaintiff and given by the court. The jury returned a verdict thereon in favor of the defendants Talley and their insurer.
A judgment was entered in favor of the defendant Harring and her insurer based on the directed verdict for those defendants. A separate judgment was entered for the defendants Mary Talley, Frank Talley and their insurer, based on the jury verdict. A timely motion for new trial was filed by the plaintiff, presenting grounds directed to both judgments. Prior to hearing on the motion it was amended by the plaintiff with leave of court by adding a ground contending the court erred by submitting the cause against the Talleys to the jury on the basis of gross negligence rather than on simple negligence of the driver Talley, after the guest passenger statute had been repealed. Thereafter the motion for new trial was denied, and the plaintiff appealed.
Having reviewed the evidence and considered the briefs and arguments, we hold the trial court did not commit error in directing a verdict in favor of the defendant Harring and her insurer. No useful purpose would be served by reciting the evidence here. Accordingly the judgment entered in favor of the defendant Harring and her insurer is affirmed.
We hold, however, that the judgment dated March 1, 1972, in favor of the defendant Mary Talley and Frank Talley and their insurer should be reversed, for the reason that after the legislature had repealed § 320.59 Fla. Stat., F.S.A. a cause of action was maintainable by the plaintiff on simple negligence against the driver Mary Talley and the car owner Frank Talley. Where the fact of repeal of the guest passenger statute while the cause was pending was brought to the attention of the court by plaintiffs' motion for new trial, a new *864 trial between the plaintiff and the defendants Talley and their insurer should have been granted.
It is generally held that the law which is applicable to a case, as it exists at the time of trial and judgment, is controlling thereon. Subject to a possible exception not applicable here, where a statute or principle of law that is controlling or material to the merits of an action is repealed or the law otherwise is changed, during the pendency of the cause, the law as so changed then becomes applicable and controlling in trial and decision of the action. See Davidson v. City of Coral Gables, Fla.App. 1960, 119 So.2d 704.
This rule has been applied even where the change in the law occurred after judgment but during the pendency of a direct appeal therefrom. See Florida East Coast Railway Company v. Rouse, Fla. 1966, 194 So.2d 260; General Capital Corporation v. Tel Service Co., Fla.App. 1966, 183 So.2d 1; Yates v. St. Johns Beach Development Co., 122 Fla. 141, 165 So. 384; Winter Park Golf Estates v. City of Winter Park, 114 Fla. 350, 153 So. 842; State ex rel. Ben Hur Life Ass'n v. Dunaway, 113 Fla. 252, 151 So. 391.
In Florida East Coast Railway Company v. Rouse, supra, Fla. 1966, 194 So.2d 260, 262, the Supreme Court stated, as being a correct pronouncement of the controlling rule of law, the following:
"`We recognize the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed.'"
That principle of law was applied in Rouse where a change in the law,[2] applicable to negligence involved in the case there being reviewed on appeal, took place after the judgment had been entered and during the time the judgment was on appeal, and notwithstanding that the party seeking such relief on appeal had not challenged the former rule of law at the trial and (as here) had requested that the jury be charged thereon.
If a change in the law, after judgment and pending an appeal therefrom, calls for reversal of the judgment and remand of the cause for amendment of the pleadings and reconsideration or retrial of the cause on the changed law as being controlling, then a fortiori where a change in the law material to the cause of action and possibly to the outcome of a cause occurs during the pendency of the cause and prior to judgment, on an appeal from a judgment consequent upon pleadings and trial based on the law as it was prior to such change thereof, the judgment should be reversed and the cause remanded for reconsideration or retrial in accordance with the law as changed.
Moreover, as noted above, in this case after verdict and judgment when the plaintiff adverted to the material change in the law involved here, the point was presented to the trial court by motion for new trial, and was preserved and argued on the appeal.
For the reason assigned, the judgment dated March 1, 1972, in favor of the defendants Mary Talley, Frank Talley and their insurer is reversed without prejudice, and the cause is remanded to the circuit court for further proceedings and new trial of the issues relating to the cause of action of the plaintiff against said defendants based on a charge of simple negligence of the defendant driver Mary Talley, with leave to be granted to the parties to amend their pleadings as they may be advised prior to the new trial.
Affirmed in part, and reversed in part and remanded for further proceedings.
NOTES
[1] "An Act relating to motor vehicles, repealing section 320.59 of Chapter 320, Florida Statutes, relating to the liability of an owner or operator of a motor vehicle to a guest or passenger transported without payment therefor; providing an effective date.

"Be It Enacted by the Legislature of the State of Florida:
"Section 1. Section 320.59, Chapter 320, Florida Statutes, is repealed.
"Section 2. This act shall take effect upon becoming a law.
"Approved by the Governor February 14, 1972.
"Filed in Office of Secretary of State February 14, 1972." Ch. 72-1.
[2] See Georgia Southern & Florida Ry. Co. v. Seven-Up Bottling Company, Fla. 1965, 175 So.2d 39.