PER CURIAM.
Appellant Seaboard Coast Line Railroad Company was defendant below in an action arising out of a collision occurring at a railroad crossing. Appellee Campbell was the plaintiff below and driver of a tractor-trailer vehicle coming within the purview of Section 317.453, Florida Statutes, F.S.A., (now repealed). Said statute requires vehicles of the type which was here involved to stop before crossing in order to ascertain whether a railroad train is approaching.
At the trial appellant-defendant requested a jury instruction based on the cited statute. The trial court denied the requested instruction and the jury brought in a verdict in favor, of the appellee-plaintiffs.
The primary issue raised on this appeal rests on the claim that the trial court committed reversible error in failing to instruct the jury on the cited statute as requested. Appellee contends that failure to give the requested instruction could not be the basis for the reversal of the judgment appealed for the reason, inter alia, that the statute relied on as basis for the instruction has since been repealed. We agree.
In Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862 (Fla.App.1973), the court adhered to the rule earlier stated by the Florida Supreme Court in Florida East Coast Railway Company v. Rouse, 194 So.2d 260 (Fla.1966), wherein the court quoted the District Court’s decision as follows:
“ ‘We recognize the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, *63 will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed.’ ” at page 262.
Since the primary point urged for reversal in the case at bar rests upon the failure to give an instruction based on a statute which has since been repealed, the statute can hardly be said to be controlling law of this case. It follows then that failure to give appellant’s requested instruction based on the repealed statute cannot constitute reversible error.
Affirmed.
SPECTOR, C. J., WIGGINTON and CARROLL, DONALD K., TL, concur.