286 So.2d 13 (1973)
R & R LOUNGE, INC., Petitioner,
v.
Winston W. WYNNE, Director, Division of Beverage, Department of Business Regulation, State of Florida, Respondent.
No. S-266.
District Court of Appeal of Florida, First District.
November 27, 1973.
Joseph M. Glickstein, Jr., Jacksonville, for petitioner.
Herbert Klein and J. Riley Davis, Tallahassee, for respondent.
WIGGINTON, Acting C.J.
Petitioner seeks review by certiorari under the provision of F.S. Section 120.31, F.S.A., of a final order rendered by the respondent herein assessing a civil penalty for a violation of the beverage laws of this state and, in default of payment of such penalty, suspending its license for a period of ten days.
Notice was served on petitioner charging it with violation of F.S. Section 562.13, F.S.A., which makes it unlawful for any licensed vendor under the beverage laws of this state to employ any person under 21 years of age with certain exceptions not material to this cause.[1]
*14 The principal question presented by this review is whether the order herein challenged is supported by competent and substantial evidence. We have carefully examined the entire record consisting of the pleadings, exhibits, stipulation, and testimony adduced at the hearing and find therein competent and substantial evidence sufficient to reasonably sustain the conclusion that petitioner knew that the person employed by it to work as a barmaid in its lounge was under 21 years of age. Even if petitioner had no positive knowledge that the employee in question was only 19 years of age as contended by it, warning flags sufficient to create a serious question as to her correct age were flying before it; in spite of this, it failed to exercise that degree of diligence imposed upon it as a licensee to determine the correct age of the prospective employee before entering into an employment contract with her.
We now turn to the problem created by the rash of legislation enacted by the 1973 Legislature of this state redefining the "age of majority" and removing the disabilities of nonage for all persons 18 years of age or older.
The order sought to be reviewed herein was rendered by respondent on November 29, 1972, and petition for writ of certiorari to review that order was filed in this court on December 14, 1972. Prior to reaching this case for final determination, the 1973 Legislature enacted Chapter 73-358, Florida Laws, (SB 332), which amended the section of the beverage act which petitioner has been found guilty of violating by striking the minimum age of employment of 21 years and inserting in place thereof the language "the age of majority". The effect of this amendment is to make it unlawful for any licensee under the beverage laws to employ any person under the "age of majority" with certain exceptions not material to our decision in this case.
This statute became a law without the Governor's approval on June 27, 1973.
In order to determine the meaning of the term "age of majority", it is necessary to turn to another statute enacted by the 1973 Legislature as Chapter 73-21. The purpose of this statute is to remove the disabilities of nonage of all persons who are 18 years of age or older and provides that they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the constitution of the State of Florida immediately preceding the effective date of the act. This statute became law on May 9, 1973, and by its terms was effective on July 1, 1973.
In view of the foregoing recent acts of the Legislature which became law pending the final disposition of this review, petitioner contends that because the 21-year-age limitation has now been lowered to apply only to persons under the age of 18 years, such recently enacted law should be applied in our final disposition of this case. We believe that such reliance upon the foregoing statutes is misplaced for the reason that Chapter 73-21, Florida Laws, which removes the disabilities of nonage of all persons 18 years of age and older, specifically provides in Section 3 thereof that the act shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to the effective date of the act. It is therefore our view that because the specific provisions of the act which lower the prohibited age of employment to persons under 18 years of age may not be applied retrospectively without violating the intent and mandate of the Legislature, the statute has no application to the case sub judice.
*15 The Legislature enacted another statute in 1973, however, which would appear to control our decision if held to be applicable to the facts in this case. This is Chapter 73-365 which consisted of an amendment to previously existing F.S. Section 562.13, F.S.A., for the violation of which petitioner has been found guilty. This statute originated in the House of Representatives (HB 1499) and is similar in most respects to Chapter 73-358, Florida Laws, referred to above, which originated in the Senate. The material difference in the two statutes lies in the fact that the House bill, Chapter 73-365, substitutes the word "eighteen" for the word "twenty-one" appearing in the previous statute and now provides that it is unlawful for any vendor licensed under the beverage law to employ any person under 18 years of age, with certain exceptions not material to our decision. This statute is not tied to the related statute which removes the disabilities of nonage from all persons 18 years of age or older as was the companion Senate bill and, therefore, the inhibitions against retrospective operation do not apply here. The only question which we have to determine now is whether the provisions of Chapter 73-365, which now permit employment by beverage licensees of any person 18 years of age or older, should be applied retrospectively in the case we now review.
In Florida East Coast Railway Company v. Rouse[2] the trial court instructed the jury on the measure of damages which could be awarded against the railway company in accordance with the comparative negligence statute then in effect in this state. After the case was tried and judgment rendered but while an appeal of the judgment was pending in the Supreme Court, that court rendered a decision holding the comparative negligence statute to be unconstitutional. In applying its ruling in the unrelated case to the case then on appeal, the Supreme Court recognized the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition and not according to the law prevailing at the time of rendition of the judgment appealed.
In the later case of Evers v. Lacy[3] the Second District Court of Appeal recognized the rule of law announced by the Supreme Court in Rouse, supra, but held that such rule was applicable only when the statute in question was unconstitutional and void ab initio. It held that if the change in the law was brought about by an amendment or repeal of an existing statute or the enactment of a new statute, such repeal, amendment or newly enacted provision of law would have no bearing on the case pending on appeal, the final disposition of which would have to be controlled by the law as it existed at the time the judgment was rendered.
Subsequent to the rendition of the foregoing decisions in Rouse, supra, and Evers, supra, the Third District Court of Appeal rendered its decision in the case of Ingerson v. State Farm Mutual Automobile Insurance Company.[4] Ingerson involved a cause of action arising out of an automobile collision based upon the guest statute then in effect. Ten days before the case was actually tried and judgment rendered, the guest statute was repealed by the Legislature, a fact which was known neither to the attorneys nor to the trial judge participating in the case. The plaintiff appealed contending that a new trial should be awarded because the statute which imposed upon him the burden of proving gross negligence had been repealed prior to the time of trial, and he should now be allowed to retry his case and recover by sustaining *16 the burden of proving only simple negligence. No question concerning the constitutionality of the statute was involved. The Third District Court of Appeal agreed with plaintiff and held that since the guest statute had been repealed prior to trial, the court committed error in charging the jury that the plaintiff would be required to prove gross negligence in order to justify recovery. After disposing of the case on the point before it for consideration, the District Court held further that the same rule would apply even if a change occurs in the law after judgment but during the pendency of a direct appeal therefrom. In support of this pronouncement, the court relied on the Supreme Court's decision in Rouse, supra. Review of the District Court's decision was sought in the Supreme Court, but certiorari was denied without opinion but on the stated ground that no conflict existed between that decision and the decision in Evers v. Lacy, supra, rendered earlier by the Second District Court of Appeal.
In order that the federal voice on the subject might not be neglected, counsel has invited our attention to the decision rendered by the Supreme Court of the United States in Thorpe v. Housing Authority of Durham[5] authored by that great humanitarian, Chief Justice Earl Warren. In this case the court held that a change made in administrative rules and regulations occurring after final disposition of the case by the administrative agency but pending an appeal of that decision to an appellate court for review, would have to be applied in reaching the court's final decision. It held that the regulation which was in effect at the time the appellate court decided the case, and not the law which was in effect at the time the administrative agency rendered its decision, would control the decision. In reaching this conclusion the court leaned heavily upon a decision rendered by Chief Justice Marshall 172 years ago in the case of United States v. Schooner Peggy[6] in which the court said:
"`[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, ... I know of no court which can contest its obligation. It is true that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns ... the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside.'"
The unrefuted evidence in the record establishes that the employee involved in this case was 19 years of age at the time of the offense for which petitioner has been found guilty. It is our view and we so hold that the 1973 amendment to the beverage law, Chapter 73-365, which permits beverage licensees to employ persons 18 years of age or older, is applicable to the issue presented in this case and controls our decision. We accordingly find that since petitioner's employee was over the age of 18 years at the time of the commission of the alleged offense for which it has been found guilty, the order reviewed herein is quashed and held for naught.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 562.13, F.S.A. "Employment of minors or certain other persons by certain vendors prohibited.

"It is unlawful for any vendor licensed under the beverage law to employ any person under twenty-one years of age. However, this section shall not apply to professional entertainers between the ages of seventeen and twenty-one years who are not in school or to drugstores, grocery stores or automobile service stations which have obtained licenses to sell beer or beer and wine, where such sales are made for consumption off the premises only... ."
[2] Florida East Coast Railway Company v. Rouse, (Fla. 1967) 194 So.2d 260.
[3] Evers v. Lacy, (Fla.App. 1972) 257 So.2d 70.
[4] Ingerson v. State Farm Mutual Automobile Insurance Company, (Fla.App. 1973) 272 So.2d 862.
[5] Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474, 484.
[6] United States v. Schooner Peggy, 1 Cranch 103, 110, 2 L.Ed. 49, 51 (1801).