292 So.2d 31 (1973)
Clarke D. ARICK, Appellant,
v.
Neil G. McTAGUE and State Farm Mutual Automobile Insurance Company, a Foreign Insurance Corporation, Appellees.
No. S-483.
District Court of Appeal of Florida, First District.
December 11, 1973.
Rehearing Denied April 18, 1974.
*32 T.G. LaGrone, LaGrone & Baker, Orlando, for appellant.
Donald O. Hartwell, Hall, Hartwell & Hall, Tallahassee, for appellees.
JOHNSON, Judge.
The appellant herein was injured as a result of an automobile accident while riding as a passenger in a motor vehicle operated by appellee McTague. His complaint alleged both simple and gross negligence on appellee's part. The trial court, in a final summary judgment in favor of appellee, found that the facts did not show gross negligence on appellee's part and that appellant did not fall into the student exception of the guest passenger statute, formerly F.S. § 320.59, F.S.A., which would have permitted him to allege simple or ordinary negligence.
The only question now before this Court is whether the trial court erred in applying the guest statute to this case when the same had been repealed after the date of the accident but before the entry of the summary judgment in favor of appellees. All parties agree that if the repeal of the guest statute is to be given retrospective application, this Court must reverse the summary judgment entered below inasmuch as appellant's complaint alleged facts of ordinary negligence.
This same issue has been decided adversely to appellees in the case of Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862 (Fla.App. 3rd, 1973). There, the Third District Court of Appeal held that since the guest statute had been repealed prior to trial, the trial court committed error in charging the jury that the plaintiff would be required to prove gross negligence in order to justify recovery. Appellees contend that the Ingerson case is not controlling because the summary judgment in the case sub judice was entered prior to the finality of the holding in Ingerson, supra. However, the Court in Ingerson further held that the same rule would apply even if a change occurs in the law after judgment but during the pendency of a direct appeal therefrom. While the present case was pending a determination on appeal, the Florida Supreme Court has entered an order denying a Petition for Writ of Certiorari in the Ingerson case (Case No. 43,558, order entered November 15, 1973), thus rendering the decision in Ingerson final.
Such being the case, we must reverse the summary judgment entered below and remand this cause for reconsideration in accordance with the law as changed; to wit: the repeal of the guest passenger statute, with leave granted to the parties to amend their pleadings as they may be advised prior to a new trial.
Reversed and remanded for further proceedings.
RAWLS, C.J., and HOWELL, CHARLES COOK, Jr., Associate Judge, concur.