308 So.2d 591 (1975)
33 FLAVORS OF FLORIDA, INC., Appellant,
v.
Kenneth A. LARSEN and Dorothy A. Larsen, His Wife, Appellees.
No. 73-748.
District Court of Appeal of Florida, Second District.
February 5, 1975.
Rehearing Denied March 20, 1975.
*592 William A. Seacrest of Peterson, Carr, Harris & Seacrest, Lakeland, for appellant.
Lex M. Taylor Jr., of Oxford, Oxford and Taylor, Lakeland, for appellees.
McNULTY, Chief Judge.
We affirm the judgment appealed from herein in all respects but we touch briefly on the one point meriting discussion.
Section 817.416, F.S. 1971, provides in relevant part as follows:
(2) Declarations. 
(a) It is unlawful, when selling or establishing a franchise or distributorship, for any person:
1. Intentionally to misrepresent the prospects or chances for success of a proposed or existing franchise or distributorship;
* * * * * *
(3) Civil Provisions.  Any person, who shows in a civil court of law a violation of this section may receive a judgment for all moneys invested in such franchise or distributorship. Upon such a showing, the court may award any person bringing said action reasonable attorney's fees and shall award such person reasonable costs incurred in bringing the action, and execution shall thereupon issue.
Appellant's agents sold an ice cream franchise to the Larsens. Negotiations began sometime in January 1971 and were consummated by a binding contract on July 6, 1971. The aforesaid statute became effective in the interim on May 24, 1971 and, in the present posture of the case, it must be taken that certain representations were made by appellant's agent prior to the effective date of the statute which, if made after, would be in violation thereof. The underlying issue before us, then, is whether, after the effective date of the statute, the prior misrepresentations should have been disclosed. We think so.
Obviously, this regulated business practice became so prevalent and resulted in so much evil that the legislature found it necessary to proscribe it. Public policy would require, therefore, that when as here the evil continues from its making as an inducement to the prospective franchisee, and a binding contract is still in the offing at the time such evil is expressly proscribed by statute, the courts should impose the duty on the maker to disclose or "make right" the evil. To do so is neither retrospective application of a statute nor a construction thereof impairing a contractual obligation.
The judgment appealed from should be, and it is hereby affirmed.
HOBSON and GRIMES, JJ., concur.