MAGER, Judge.
This is an appeal by Florence Donovan, defendant below, from a final judgment entered in favor of Environs Palm Beach, plaintiff below.
The plaintiff, owner of a mobile home park, filed a complaint seeking to evict the defendant álleging, inter alia, the refusal and failure of defendant to give up the premises at the expiration of the lease term. The complaint reflects that defendant occupied the mobile home lot pursuant to a one-year lease, which had expired and which she had refused to renew. The answer filed by the defendant in resisting eviction, set forth as affirmative defenses the grounds upon which such refusal was predicated.
From a review of the complaint, it is evident that the essence of plaintiff’s action for eviction was founded solely upon defendant’s rejection of plaintiff’s request to execute a lease renewal and the continued occupation by the defendant of the premises after the end of the original lease term. This court recently reaffirmed the principle that a mobile home park owner or operator may not evict a mobile home owner or mobile home dweller other than for the reasons set forth in Section 83.271, F. S. (Chapters 73-182 and 73-330, Laws of Florida.)[1] Holiday Plaza Investment Corp. v. Clark, 306 So.2d 161, Fourth District Court of Appeal opinion filed January 13, 1975. See also Stewart v. Green, Fla. 1974, 300 So.2d 889; Palm Beach Mobile Homes, Inc. v. Strong, Fla.1974, 300 So.2d 881.
Inasmuch as the complaint for eviction in the instant case did not allege one of the grounds contained in said section it was error to have entered a judgment for possession for the plaintiff. Although our decision is predicated upon a construction of the cited statute and the authorities heretofore mentioned, it should also be observed that a similar conclusion would be supported by the recent adoption of Chapter 74 — 160, Laws of Florida, which became effective on January 1, 1975. This act which creates Sec. 83.695, F.S., contains, in part, the following language:
“. . . In the event a tenant does not enter into a written lease or upon the expiration of a written lease the tenancy may only be terminated in accordance with the provisions of section 83.69, which section is cumulative of all other sections in this part and shall be deemed to supercede any provisions in conflict therewith.”
(See sec. 83.695(1), as contained in section (1) of Chapter 74-160, supra. It is a recognized rule that an appellate court in reviewing a judgment on direct appeal will dispose of the case according to the law prevailing at the time of the appellate disposition; hence the applicability of chapter 74.160, supra. Ingerson v. State Farm *563 Mutual Automobile Ins. Co., Fla.App.1973, 272 So.2d 862.
Accordingly, the final judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, J., and REDDICK, THOMAS J., Jr., Associate Judge, concur.

. Sec. 83.271 was renumbered and now appears in the 1973 Florida Statutes as sec. 83.69 (see sec. 12 of Chapter 73.330, supra.)