### GOODMAN v. MIAMI CRANE SERVICE, Inc.
No. 75-4811.

Circuit Court, Dade County.

October 29, 1975.

Joseph G. Headley, Miami, for the plaintiff.

Robert C. Timmons, Miami, for the defendant.

ALAN R. SCHWARTZ, Circuit Judge.

*Opinion and order denying motion for summary judgment:* On February 26, 1974 the plaintiff was injured at a construction project in Dade County. At the time of the accident he was employed by one of the subcontractors on the job, Warren, Jones & Warren, Inc., from whose carrier he received workmen's compensation benefits. On February 12, 1975, he brought this action against

another subcontractor, Miami Crane Service, Inc., for negligence which allegedly caused his injury[1]

Miami Crane Service, Inc. has raised the defense of immunity from tort liability under the provisions of the Workmen's Compensation Law, F.S. §§440.10-440.11, and has now moved for summary judgment in its favor upon that ground. There is no question but that, under the law applicable at the time of the accident, a crane company-subcontractor such as the defendant was in fact immune from third-party liability to an employee like Mr. Goodman of another subcontractor on the same construction project. Carter v. Sims Crane Service, Inc. Fla. 1967, 198 So.2d 25; Smith v. Poston Equipment Rentals, Fla. App. 1958, 105 So.2d 578. In 1974, however, the legislature enacted an amendment to F.S. §440.10(1), effective *October 1, 1974,* which provides specifically to the contrary —

> . . . "A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work, and is not protected by the exclusiveness of liability provisions of §440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor."

This court has concluded that this amendment which is now effective, rather than the law applicable when the accident occurred is controlling; and that therefore the defendant's claim of immunity cannot be maintained.

This result is mandated by a recent series of Supreme and District Court decisions which unequivocally hold that statutory law as it exists at the time of appellate or lower court decision must be applied and is controlling. Goodfriend v. Druck, Fla. 1975, 289 So.2d 710; Summerlin v. Tramill, Fla. 1973, 290 So.2d 53; Donovan v. Environs Palm Beach, Fla. App. 1975, 309 So.2d 561; 33 Flavors of Florida, Inc. v. Larsen, Fla. App. 1975, 308 So.2d 591; R & R Lounge, Inc. v. Wynne, Fla. App. 1973, 286 So.2d 13; Seaboard Coast Line R. Co. v. Campbell, Fla. App. 1973, 285 So.2d 62; Ingerson v. State Farm Mut. Auto Ins. Co., Fla. App. 1973, 272 So.2d 862. In each of these cases, a statutory amendment or repealing enactment which by its very terms did not become "effective" until after the occurrence of the events which gave rise to the

---

1. Goodman later joined the general contractor, Edward J. Gerrits, Inc., as a party defendant. Since there is no question that the general contractor is immune from third-party tort liability under both the pre- and the post-October 1, 1974 provisions of F.S. §§440.10-440.11, Miami Roofing & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840, Gerrits' motion for summary judgment has been granted without opposition.

pertinent litigation was nonetheless held to be determinative of the result.[2] The same conclusion must be reached here.

The court can find no meaningful basis for distinguishing the situations involved in those cases from this one. It can hardly matter, for example, whether, as the defendant argues, a statutory change has been effected through repeal or as an amendment. See R & R Lounge v. Wynne, supra. The defendant strongly contends that the cases do not apply because (a) at the time of the accident, there was no cause of action "in existence" and that such a cause of action was "created" by the amendment; and (b) the complaint here was filed shortly after the amendment took effect. Neither position has merit. As to the first, the court doubts the inapplicability of the rule even were a "new cause of action" actually brought into existence. In Summerlin v. Tramill, supra, for example, a complaint alleging simple negligence had been properly dismissed prior to the repeal of the guest statute, but was held sufficient to state a "cause of action" after the repeal occurred. In any case, it is plain that no such "creation" occurred. Immunity under the workmen's compensation law was and is no more than a defense to an existing cause of action for negligence which must be affirmatively raised in the pleadings and proven by the defendant. Preston v. Grant Advertising, Inc., Fla. App. 1964, 166 So.2d 219, 222. It does not differ from the defense of comparative, as opposed to contributory negligence, and the same result as that reflected in Florida E.C.R. Co. v. Rouse, Fla. 1967, 194 So.2d 260, must follow. All the more plainly, the fact that the complaint was filed after the amendment makes no difference. Indeed, this case presents an a fortiori situation to the ones which apply a new statutory rule on appeal after a then-correct decision had been reached below.

---

2. It is perhaps not without pertinence for the court to observe that, from the time that these decisions were announced until the present, it personally has disagreed with this principle. See the appearances of counsel in the case often cited as the basis for the rule, Florida E.C.R. Co. v. Rouse, Fla. 1967, 194 So.2d 260. However, this court, even less than the District Courts of Appeal, does not, or so it is said, possess the power to decline to follow rules established by the Supreme Court, Hoffman v. Jones, Fla. 1973, 280 So.2d 431, when as here, they are deemed directly applicable.

Moreover, if there is any situation to which the rule should apply, it is this one now before the court, which involves only a legislative change of a prior judicial interpretation of statutory language, which itself represented what was very much a minority view and which effected what many considered a harsh, artificial, and even unconstitutional result. 2 Larson, *Workmen's Compensation Law*, §73.32, pp. 14-67 - 14-71 (rule characterized as "bizarre").

Finally, the cases which hold that, in *controversies between an employee and his employer and carrier,* the law in effect at time of injury applies, e.g., Phillips v. City of West Palm Beach, Fla. 1954, 70 So.2d 345; Sullivan v. Mayo, Fla. 1966, 186 So.2d 493, are not at all on point. These cases are specifically based on the fact that, as between these parties, the Workmen's Compensation Act then-applicable became a part of an employment contract between them which could not, under the constitution, even legislatively be later altered. This rationale has no relation to the present situation in which here is no contractual relation whatever between the parties. See also Summerlin v. Tramill, supra, Ingerson v. State Farm, supra.

It is accordingly ordered that the motion for summary judgment of the defendant Miami Crane Service Inc is denied.