337 So.2d 410 (1976)
Rosemary RICHEY, As Supervisor of Elections of Indian River County, Florida, Appellant,
v.
TOWN OF INDIAN RIVER SHORES, a Municipal Corporation of the State of Florida, et al., Appellees.
No. 75-1441.
District Court of Appeal of Florida, Fourth District.
September 24, 1976.
*411 Robert L. Shevin, Atty. Gen., and John A. Barley, Asst. Atty. Gen., Tallahassee, for appellant.
Gordon B. Johnston of Sharp, Johnston & Brown, and James T. Vocelle of Vocelle & Gallagher, Vero Beach, for appellees.
PER CURIAM.
We have for review a final judgment declaring, among other things, that the qualifications for registering as a municipal elector set forth in Chapter 29163, Laws of Florida, 1953, (the Charter of the Town of Indian River Shores) were not affected by the portion of Chapter 73-155, Laws of Florida (1973), that made mandatory the adoption of the single permanent registration system. In pertinent part Chapter 29163 provides:
"Section 1. Registration: There shall be a registration book to register all qualified electors of the municipality. The Town Council shall prescribe the form thereof and the oath to be administered. Registration books shall be open for registration of voters or electors not less than thirty (30) days before each and every municipal election.
"Section 2. Qualification of Electors: Every person of the age of twenty-one years or over, ... and who has an immediate beneficial ownership, interest, legal or equitable in the title to a fee simple estate in land located within the limits of the said town for not less than six months, or shall have resided within the limits of the said town for not less than six months prior to the date of registration for election, shall be deemed a qualified elector to vote in all elections pertaining to municipal affairs of the Town of Indian River Shores, excepting only Bond Elections. Qualification of electors at Bond Elections held by the municipality shall be the same as provided by the general law of the State of Florida for elections where only freeholders are qualified to vote. The term `immediate beneficial ownership' shall be construed to include both a husband and wife where title to real estate is held in the name of the husband and wife. Provided, however, that the following classes of persons shall not be entitled to vote: Persons who are insane or idiotic, or who may have been convicted of any felony by any Court of Record; Persons who may have been convicted of bribery, or larceny, or perjury." Article VI, § 2, Chapter 29163.
In pertinent part, Chapter 73-155, provides:
"Section 1. Section 98.041, Florida Statutes, is amended to read:
98.041 Permanent single registration system established; effective date. 
A permanent single registration system for the registration of electors to qualify them to vote in all elections is provided for the several counties and municipalities. This system shall be put into use by all municipalities prior to January 1, 1974 and shall be in lieu of any other system of municipal registration. Electors shall be registered in pursuance of this system by the supervisor or by precinct registration officers, and electors registered shall not thereafter be required to register or reregister except as provided by law.
"Section 2. Section 98.091, Florida Statutes, is amended to read:
98.091 Use of system by municipalities. 
(1) The board of county commissioners, with the concurrence of the supervisor of elections, may arrange the boundaries of the precincts in each municipality within the county to conform to the boundaries of the municipality subject to the concurrence of the governing body of the municipality. All binders, files, and other *412 equipment or materials necessary for the permanent registration system provided by § 98.041 shall be furnished by the board of county commissioners; provided, each municipality in a county shall reimburse the board of county commissioners fifty percent (50%) of the cost of such binders, files, and equipment necessary for the precincts within the municipality, unless agreed to otherwise by the county and the municipality; and provided further no such reimbursement shall be required where such a system is presently in effect by law.
(2) The supervisor of elections shall deliver the records required for a municipal election to the municipal elections boards or other appropriate elections officials on the morning of the day before the election and collect them on the day after the election. The municipality shall reimburse the county for the actual costs incurred.
(3) Any person who is a duly registered elector pursuant to this chapter and who resides within the boundaries of a municipality is qualified to participate in all municipal elections, the provisions of special acts or local charters notwithstanding."
Appellees filed suit for declaratory decree seeking to determine 1) "who are qualified to register with appellant, the Defendant, ROSEMARY RICHEY, Supervisor of Elections of Indian River County, Florida, as qualified electors to vote in all elections in the Town of Indian River Shores and to be qualified to hold the office of member of the Town Council thereof" and 2) "that Section 2 of Article VI of Chapter 29163, Laws of Florida ... is the law relating to the qualifications of electors to vote in all elections in said Town and to hold office as a member of the Town Council of said Town." The complaint prayed for an order directing appellant "to register and qualify as qualified electors to vote in all elections in the Town of Indian River Shores all persons meeting the qualifications of such electors as set forth in Section 2 of Article VI of Chapter 29163, Laws of Florida."
The case was presented upon the pleadings and argument of counsel without the adduction of any testimony. The trial judge entered a comprehensive final judgment in which he found, among other things that: (1) Section 2 of Article VI of Chapter 29163, Laws of Florida, relating to the qualifications of electors is a valid special act and was not repealed by Chapter 73-155, Laws of Florida; (2) it is the duty of appellant to carry out and obey the mandate of said law; (3) appellee Alex MacWilliam, Jr., is qualified to hold office in the Town of Indian River Shores. The judgment then directed appellant to "accept as qualified to vote in all municipal elections in the Town of Indian River Shores all persons heretofore registered under the provisions of the Town Charter, and shall provide for the registration ... of any person who seeks to register as a qualified elector in the Town of Indian River Shores who possesses the qualifications set forth in Sections 97.041(1), 98.091(3) and 166.032, Florida Statutes, or in Section 2, Article VI of Chapter 29163, Laws of Florida ... ."
Refined to its simplest form the primary question involved here is, does the Chapter 73-155 amendment of Section 98.041, Florida Statutes, preclude individuals from registering to vote in municipal elections of the Town of Indian River Shores if those individuals are not qualified to register with the County Supervisor of Elections so as to become qualified State electors in accordance with Section 98.041 as amended?
Chapter 73-155, a general act, did not expressly repeal the provisions of the Charter of Indian River Shores, a special act, insofar as qualification of electors is concerned. So the answer to the foregoing question depends upon a determination of whether or not the general act repealed or superseded the relevant portions of the special act by implication.
As the trial judge points out in the final judgment, repeal of a statute by implication is not favored. As the Supreme Court stated in Miami Water Works Local *413 No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194, 196, 165 A.L.R. 967 (1946):
"It is an elementary proposition that amendments by implication are not favored and will not be upheld in doubtful cases. Before the courts may declare that one statute amends or repeals another by implication it must appear that the statute later in point of time was intended as a revision of the subject matter of the former, or that there is such a positive and irreconcilable repugnancy between the law as to indicate clearly that the later statute was intended to prescribe the only rule which should govern the case provided for, and that there is no field in which the provisions of the statute first in point of time can operate lawfully without conflict."
Thus, "if courts can by any fair, strict, or liberal construction, find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation upon the subject, it is their duty to do so." Curry v. Lehman, 55 Fla. 847, 47 So. 18, 21 (1908).
But try as we might to find compatibility between Sections 1 and 2 of Article VI of the Town Charter in question and Section 1 of Chapter 73-155, we are unable to do so. Consequently we conclude that the two legislative enactments are repugnant, a conclusion which impels us to hold that the legislature intended Section 1 of Chapter 73-155 to prevail, thus repealing by implication Sections 1 and 2 of Article VI of Chapter 29163, Laws of Florida.
Reviewing the repugnant aspects of the two enactments we find Section 1, Article VI of the Special Act provides for a municipal registration book, the forms to be furnished, the oath to be taken, and the time periods for the book to be open. On the other hand the title to Chapter 73-155 states, among other things, that the act relates
"to municipal elections; amending § 98.041, Florida Statutes, to provide a single permanent registration system for all elections held within a county, including municipal elections; amending § 98.091, Florida Statutes, to provide procedures for municipal uses of county election books; providing that certain electors are qualified to vote in municipal elections... ." (Emphasis added.)
Section 1 then amends Section 98.041, Florida Statutes, by making the permanent registration system mandatory for municipalities. Theretofore it was optional. It provides that this registration system "shall be in lieu of any other system of municipal registration." (Emphasis added.) It seems clear that the permanent registration system shall be in lieu of the registration system provided in the Charter of Indian River Shores.
Appellees concede that Chapter 73-155 repeals by implication Section 1 of Article VI of Chapter 29163. But they contend that Chapter 73-155 has no such impact upon Section 2 of Article VI of Chapter 29163, which specifies the qualification for voting in the Town. We disagree.
The town charter provides that any person 21 years of age who has owned the immediate beneficial ownership of a fee simple estate in land in the town for six months or any person who has resided within the town limits for not less than six months prior to registration shall be deemed a qualified elector to vote in town elections except bond elections. However, Section 98.041 makes registration in the single permanent registration system a requirement for voting in all elections. In order to qualify to register in the permanent registration system one must be a permanent resident of the county. Section 97.041(1), Florida Statutes 1974. When you add to the foregoing the fact that this single registration system is in lieu of all other registration systems, it seems to follow that a nonresident of the Town of Indian River Shores cannot vote in a town election regardless of his ownership of property therein because he cannot become a qualified elector.
*414 It should be noted that the Attorney General ruled in two opinions, 073-426 and 073-484, that Chapter 73-155 preempts the field on voter registration and qualifications to vote in all elections in Florida. Thus, he concluded in the latter opinion that the qualifications for voting contained in the Charter of The Town of Manalapan (which are very similar to those contained in the Charter of Indian River Shores and the Charter of the Town of Bellair Shore in Hisgen v. Rileigh, 115 So.2d 715 (Fla.App.2d 1959)), "will cease to have any force or effect." Opinions of the Attorney General, while not legally binding on the courts, are persuasive and entitled to weight in construing Florida Statutes. 3 Fla.Jur., Attorney General, § 7; Beverly v. Division of Bev. of Dept. of Business Reg., 282 So.2d 657 (Fla.App.1st 1973).
Appellees' reliance on Hisgen v. Rileigh, 115 So.2d 715 (Fla.App.2d 1959), is misplaced.
When the court decided the Hisgen case, Section 165.12, Florida Statutes 1957, was the general law that set forth "the general qualifications for electors in municipal elections." 115 So.2d at 717. Among other things it provided that "electors shall have resided in the city or town for six months next preceding the election." Ibid. The charter of the Town of Bellair Shores (a special act) provided, among other things, that "electors shall be freeholders of improved property." Ibid. It set forth no requirement that an elector be a resident of the Town for any period of time. In an action contesting the election of Mr. Hisgen as mayor of the Town, the trial court entered summary judgment for Mr. Rileigh, the contestant, on the grounds that certain votes cast were invalid because the individuals who cast them had not been residents of the Town for six months immediately preceding the election, as Section 165.12 required. The district court of appeal reversed and entered judgment for Mr. Hisgen, holding that the undisputed evidence showed the legislature intended the special act to grant sufferage to certain nonresident freeholders notwithstanding the residential requirements of Section 165.12 and that the special act therefore prevailed over the general act. 115 So.2d at 718-719.
The Hisgen case does not require affirmance. Section 165.12, the general act involved in that case, specified "that state or county registration shall not be required to qualify an elector of a city or town." Under the law as it existed when the Hisgen case was decided, an individual could register to vote in a municipality having a charter similar to that of Bellair Shore without being registered as a Florida voter. However that law has been changed. Section 98.041, Florida Statutes 1974 (effective January 1, 1974), by making state registration mandatory for voting in all elections (specifically including municipal elections) the legislature implicitly repealed Section 165.12. See 30 Fla.Jur., Statutes, § 158. The legislature allayed any possible doubt about an implied repeal by explicitly repealing Section 165.12 in section one of Chapter 74-192, Laws of Florida. The present case was tried before the effective date of Chapter 74-192, but that chapter became effective during the pendency of this appeal. This court must decide this case on the law as it now exists (Summerlin v. Tramill, 290 So.2d 53 (Fla. 1974); Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862 (Fla.App.3d 1973); Arick v. McTague, 292 So.2d 31 (Fla.App.1st 1974), therefore it is clear that Section 165.12, Florida Statutes 1973, is not controlling in this case. Section 166.032, Florida Statutes 1974,[1] does not revitalize the Hisgen holding, because that section (as Section 165.12 specifically did not) makes state registration and residence in a municipality requirements for voting in municipal elections.
Finally, appellees contend that the title to Chapter 73-155 is defective. On the *415 contrary we think the title is sufficient to meet constitutional requirements, but in all events any deficiency has been cured by subsequent revisions of the Florida Statutes. As the Supreme Court stated in Spangler v. Florida State Turnpike Authority, 106 So.2d 421, 423 (Fla. 1958):
"Any defect in the title of the original act as it passed the Legislature has been cured by the inclusion of the act in the revised statutes and the subsequent adoption of the revisions by the Legislature."
Of course, our holding means that appellee Alex MacWilliam, Jr., a nonresident of the Town of Indian River Shores, is not qualified to hold the office of Councilman in that Town.
For the foregoing reasons the judgment appealed from is reversed and the cause is remanded with directions to enter a judgment consistent with this opinion.
Since the question involved herein is one of great public interest throughout this state, we certify the following question to the Supreme Court of Florida:
Does Section 1 of Chapter 73-155, Laws of Florida 1973, implicitly repeal Article VI, § 2, of Chapter 29163, Laws of Florida 1953, so that only residents of a municipality may vote in a municipal election?
Reversed and remanded.
CROSS and DOWNEY, JJ., and Associate Judge SCHULZ, concur.
NOTES
[1] "Any person who is a resident of a municipality, who has qualified as an elector of this state, and who registers in the manner prescribed by general law and ordinance of the municipality shall be a qualified elector of the municipality."