QUESTION:
Is a supervisor of elections required to register qualified electors of a municipality, where a charter provision of that municipality stipulates that the city clerk must register such electors?
SUMMARY:
The permanent single registration system established by s. 98.041, F. S., is binding upon all municipalities regardless of size. The terms of s. 98.041 require that all qualified municipal electors be registered in pursuance of this system by the supervisor of elections or the deputy supervisors of elections. The Legislature has preempted the field of voter registration; thus a municipal charter provision requiring that the city clerk register municipal electors has been superseded by general law. The supervisor of elections is not required to establish permanent branch offices or to maintain a set of indexes or records or provide registration services to the electors in municipalities of less than 25,000 persons; qualified electors who are residents of such municipalities may register at the office of the supervisor of elections or at permanent branch offices at which a deputy supervisor is on duty.
Your question is answered in the affirmative.
Your letter indicates that it is your understanding that the charter of the City of Palmetto requires the city clerk to register electors of the city. For purposes of this opinion, I am assuming the existence of such a requirement.
Section 98.041, F. S., provides:
 A permanent single registration system for the registration of electors to qualify them to vote in all elections is provided for the several counties and municipalities. This system shall be put into use by all municipalities prior to January 1, 1974, and shall be in lieu of any other system of municipal registration. Electors shall be registered in pursuance of this system by the supervisor or by precinct registration officers. . . . (Emphasis supplied.) [Under former s. 98.271, F. S. 1953, supervisors of elections were authorized to appoint both deputy supervisors of elections and `as many precinct registration officers for each precinct as may be necessary . . . who shall register electors in the precincts.' This section was amended by s. 19, Ch. 65-134, Laws of Florida, to delete all reference to the appointment of precinct registration officers. Thus, s. 98.041, F. S., should be read so as to require the registration of electors by the supervisors of elections or by deputy supervisors of elections. The Legislature has recently amended s. 98.041 to reflect this conclusion by striking `precinct registration officers' and substituting `a deputy supervisor.' Section 5, Ch. 77-175, Laws of Florida, effective January 1, 1978.]
Section 98.091(3), F. S., in pertinent part provides that any person who is a duly registered elector pursuant to Ch. 98, F. S., `and who resides within the boundaries of a municipality' is qualified to participate in all municipal elections, the provisions of special acts or local charters notwithstanding. (Section 5 of Ch. 77-175, effective January 1, 1978, adds to s. 98.091(3) the express provision that `[e]lectors who are not registered under the permanent registration system shall not be permitted to vote.') Section 166.032, F. S., conforms with the permanent single registration system establish by Ch. 98 by providing that any person who is a resident of a municipality, who has qualified as an elector of this state, `and who registers in the manner prescribed by general law . . . shall be a qualified elector of the municipality.'
See also s. 98.051, F. S., providing where relevant that `[a]pplication for voter registration shall be accepted each weekday in the office of supervisor and at all permanent branch offices at which a deputy supervisor is on duty. . . .'
The several statutes cited above insofar as they relate to the permanent single registration system are in pari materia and must be construed together in order to ascertain the legislative intent or purpose so as to harmonize their respective provisions and roles in the legislative scheme. Markham v. Blount, 175 So.2d 526
(Fla. 1965); State ex rel., McClure v. Sullivan, 43 So.2d 430
(Fla. 1950); Curry v. Lehman, 47 So. 18 (Fla. 1908). So construing the aforementioned statutes, it seems clear that the Legislature intended the permanent single registration system mandated by s. 98.041, F. S., to be binding upon all municipalities regardless of size. See Richey v. Town of Indian River Shores, 337 So.2d 410 (4 D.C.A. Fla., 1976); also see AGO 074-90. And it is equally clear that the office of the supervisor of elections is responsible for registering municipal electors pursuant to such system.
In Town of Indian River Shores v. Richey, 348 So.2d 1 (Fla. 1977), on writ of certiorari to the District Court of Appeal, Fourth District, the Supreme Court found that irreconcilable conflict existed between the general law establishing the permanent single system of voter registration (Ch. 73-155, Laws of Florida) and a municipal charter provision governing municipal elector qualifications and held that the Legislature intended for the general law to repeal the charter provisions. Accord: Attorney General Opinion 073-484. This decision applies with equal force to a charter provision requiring the city clerk to register the electors of the city.
Similarly, in AGO 073-426, I concluded that, with the adoption of the permanent registration system (Ch. 73-155, Laws of Florida), the `Legislature has preempted local authority in matters of voter registration.' Cf. AGO's 071-330 and 073-345 regarding the state preemption of the regulation of campaign financing in municipal elections. Thus, as stated in AGO 073-426, `special acts and charter provisions shall not prevail over the general election laws of this state relating to the registration of electors in this state qualified to vote in municipal elections.' See also s.166.021(3)(c), F. S., providing that a municipality is empowered to enact any legislation concerning any matter upon which the State Legislature may act except, inter alia, any subject `expressly preempted to state or county government . . . by general law.'
Accordingly, a municipal charter provision which purports to require the city clerk to register municipal electors has been superseded by the provisions of s. 98.041, F. S., establishing the permanent single registration system and requiring the supervisor of elections or deputy supervisors of elections to register all qualified electors of any municipality.
In reaching the foregoing conclusion, I am not unaware of s. 98.181, F. S., to which you refer in your letter. That section requires the supervisor of elections to keep a set of `indexes or records' as the supervisor may direct in cities with a population in excess of 25,000 (when any such city is not the county seat) as will enable the supervisor to provide `all of the services to the electors in such city as are provided by the supervisor at the supervisor's office at the county seat.' Presumably, an office established pursuant to s. 98.181 would be designated by the supervisor as a `permanent branch office' at which voter registrations must be accepted. See s. 97.021(9), F. S., defining `permanent branch office' as `a substantial structure, fixed or movable, or a motor vehicle, bus, or other mobile units, in which voter registration will be accepted, which office and location shall be designated by the supervisor.'
In your letter you note that the population of the City of Palmetto is under 25,000; therefore, you imply that the supervisor is not required, by the terms of s. 98.181, to register electors residing in a municipality with a population of less than 25,000. Such a conclusion is inconsistent with the meaning of the subject statute. Section 98.181 merely requires the supervisor to establish an office and maintain the designated records in certain municipalities and to provide registration services to the electors of any such municipality at such location; s. 98.181 in no way mitigates or otherwise qualifies the duty of the supervisor or of deputy supervisors of elections to register qualified electors of any and all municipalities regardless of the size thereof. Such electors may register at the office of the supervisor of elections or at permanent branch offices designated by such supervisor at which a deputy supervisor of elections is on duty. (See s. 98.271, F. S., as to appointment of deputy supervisors, and s. 5 of Ch. 77-175, Laws of Florida, effective January 1, 1978.)
Prepared by: Patricia R. Gleason Assistant Attorney General