BOYER, Judge.
By petition for review pursuant to Chapter 120, Florida Statutes, the Administrative Procedure Act, and F.S. 561.29(7), G & B of Jacksonville, Inc. d/b/a The Climax, hereinafter referred to as petitioner, seeks review of an order of the director of the State of Florida Department of Business Regulation, Division of Beverage, hereinafter referred to as respondent, by which order a civil penalty in the amount of $500.00 was assessed against petitioner.
The respondent charged petitioner with the following offense:
“(1) On or about the 5th day of June, 1975, investigation revealed that on your licensed premises, you, your agent, servant or employee did unlawfully employ a person under the age of 18 years, one Teri Armstrong Beard, age 16 years, in violation of 562.13, Florida State Statutes.”
*960 A hearing was conducted before a hearing officer at which Ms. Beard testified that she worked at The Climax for a few months and that she was 16 at the time. Ms. Beard filled out an application for the job which states that she was 19 years old, divorced, and had been employed previously as a cocktail waitress and bartendress in a beer tavern. When she was interviewed for the job, Ms. Beard gave her age at 19, however, the interviewer (the manager at The Climax) did not ask for any proof of Ms. Beard’s age. Eugene 0. Barnard, the president and stockholder of the licensee testified that he reviewed Ms. Beard’s application prior to employing her. He testified that he verified Ms. Beard’s application by calling her mother, who confirmed that Ms. Beard was 19. He further testified that he called Ms. Beard’s former employer in Oklahoma to determine whether or not Ms. Beard was paid the salary which she listed on her application. Although Ms. Beard testified that she had a restricted driver’s license at the time she was employed by petitioner, Barnard testified that he asked her about a driver’s license subsequent to her employment and she told him she didn’t have a driver’s license. The record indicates Ms. Beard did not drive while she was employed by petitioner and was given a ride to and from work.
The hearing officer concluded that petitioner violated F.S. 562.13 and recommended that a civil penalty in the amount of $500.00 be assessed against the petitioner. The respondent entered its order adopting the recommended order and assessing a civil penalty against the petitioner in the recommended amount.
We agree with petitioner that the evidence is insufficient to support the assessment of the civil penalty. This case is distinguishable from the case of R & R Lounge, Inc. v. Wynne, 286 So.2d 13 (Fla. 1st DCA 1973) cited by the hearing officer in his conclusions of law. Sub judice there were no warning flags sufficient to create a serious question as to Ms. Beard’s correct age. Here, petitioner did all that was reasonable under the circumstances. Ms. Beard said she was 19 years of age. The licensee’s unrebutted testimony reveals that he called Ms. Beard’s mother and she confirmed that Ms. Beard was 19 years of age. Further, the employment application reveals Ms. Beard to have been 19 and divorced. Divorce implies marriage and marriage implies adulthood. In short, we cannot say that petitioner failed to exercise the degree of diligence imposed upon it to determine the correct age of Ms. Beard before entering into an employment contract with her. Having reversed the respondent’s order on the grounds that there is insufficient evidence to support the charge, we deem it unnecessary to discuss the other points raised by petitioner.
Accordingly, the respondent’s order is vacated.
MELVIN, J., concurs.
McCORD, C. J., dissents.