GREEN, OLIVER L., Associate Judge.
We are presented the following question: Whether, Plaintiff, WILLIAM C. McAF-EE, as personal representative of the Estate of KATHLEEN MARIE McAFEE, may assert a claim for mental pain and suffering of the parents of KATHLEEN MARIE McAFEE, occasioned by the wrongful death of their 19 year old dependent daughter as permitted by the provisions of Florida Statute 768.18(2) in effect at the time the civil action was filed in October of 1977; or whether such claim is precluded by the provisions of Florida Statute 768.18(2) in effect at the time the accident occurred in June of 1976.
We answer the question in the negative, i. e., plaintiff, William C. McAfee, as personal representative of the Estate of Kathleen Marie McAfee is precluded from asserting a claim under the stated circumstances.
The able judge below answered the question differently, holding that the claim was sustainable because of legal concepts set forth in the cases of Florida East Coast Railway Company v. Rouse, 194 So.2d 260 (Fla.1967), and Ingerson v. State Farm Mutual Automobile Insurance Company, 272 So.2d 862 (Fla.3d DCA 1973).
The trial judge apparently failed to take into account Section 45, Chapter 77-468, Laws of Florida, which provides that Section 40 of that Act, amending Subsection 2 of Section 768.18, Florida Statutes, was to take effect July 1, 1977 and apply “to all claims arising out of accidents occurring after said date.”
The above question certified in this appeal is found to be controlled by Section 45, Chapter 77-468, Laws of Florida, and therefore the question is answered in the negative.
BERANEK, J., concurs.
DAUKSCH, J., concurs in conclusion only.