OWEN, Judge.
In an action for declaratory and injunc-tive relief the Circuit Court of Orange County declared appellant Fred B. Hagan ineligible to qualify as a candidate for the office of State Representative, District 44, by virtue of the provisions of Chapter 70-80, Laws of Florida, 1970. The appropriate county officials were enjoined from *133 placing the name of Fred B. Hagan on the ballot for the primary election to be held September 8, 1970. The final judgment was rendered August 28, and notice of appeal filed the same date.
Because of the exigency of the matter, and with the full and complete cooperation of all parties to the appeal, the case was submitted to this court on September 2 on briefs and oral argument. The matter has been accelerated in this extreme manner because we have been advised by counsel that the practical mechanics of conducting a primary election on September 8 requires that the composition of the ballot be determined not later than September 3, hence from a practical point of view any decision rendered by us later than September 3 would be moot. While by necessity our consideration of the case has been of a short duration, the excellent presentation of counsel for both parties has been of invaluable assistance, and we feel we have been able to consider all facets of the case before reaching our decision to affirm the trial court’s judgment.
The East Central Florida Regional Planning Council was organized in 1962 pursuant to the provisions of F.S. Chapter 160, F.S.A. Mr. Fred B. Hagan was appointed as a voting member thereof by the Orange County Commissioners on July 6, 1969, for an unexpired term which extended until sometime in February, 1971, a term which overlapped the term of the office for which Mr. Hagan sought to become a candidate. At the time Mr. Hagan filed his qualifying papers as a candidate for the State House of Representatives, he had not resigned as a member of the East Central Florida Regional Planning Council. The sole issue presented to the trial court was whether Mr. Hagan, as a voting member of the Regional Planning Council, was holding public office within the purview of Chapter 70-80, Laws of Florida, 1970, and thereby rendered ineligible to qualify as a candidate for the State House of Representatives.
On appeal to this court appellant Fred B. Hagan raised the question of the circuit court’s jurisdiction to determine his qualification to run for the state legislature in view of the provision of Article III, Section 2 of the Florida Constitution, 1968, F. S.A., which authorizes each house [of the state legislature] to be the sole judge of the qualifications, elections, and returns of its members. Such point was not raised in the trial court but appellant contends that because it is jurisdictional he may raise it here for the first time. We do not deem it necessary to discuss here whether the jurisdictional question can be raised for the first time on this appeal or the merits of it. Our Supreme Court has already interpreted Chapter 70-80, Laws of Florida, 1970, as not prescribing qualification for office but relating to the eligibility of those who may become candidates. Holley v. Adams, Supreme Court of Florida, 238 So.2d 401, opinion filed June 26, 1970.
Appellant Hagan contends also that he is not a public officer because the duties of a member of the East Central Regional Planning Council are advisory only, F.S. Chapter 160, F.S.A., and therefore do not amount to the exercise of some portion of the sovereign power of the state in making, executing or administering the law, which is the test of public office as laid down in State ex rel. Clyatt v. Hocker, 1897, 39 Fla. 477, 22 So. 721. The trial court held, and we agree, that the Supreme Court of Florida’s Advisory Opinion to the Governor, 1941, 146 Fla. 622, 1 So.2d 636, is dispositive of this point. In that Advisory Opinion to the Governor the Supreme Court held that a member of the State Planning Board [created by Chapter 17275, Acts of 1935, Laws of Florida] was a state officer. The general powers, purpose and duties of the State Planning Board (on a state level) established by Chapter 17275 were quite comparable to the general powers, purpose and duties of the Regional Planning Council (on a regional level) as authorized by F.S. Chapter 160, F.S.A. Although the State Planning Board was au *134 thorized to act only in an advisory capacity (as was the Regional Planning Council), the Supreme Court found that powers and attributes of sovereignty were delegated to and reposed in the State Planning Board within the concept of the court’s holding in State ex rel. Clyatt v. Hocker, supra.
Admittedly, a member of a regional planning council organized under F.S. Chapter 160, F.S.A., could not exercise sovereign power to the same extent as could a member of the State Planning Board, in the sense that a local officer clearly does not exercise sovereign power to the same extent as a comparable officer with state-wide jurisdiction. Nonetheless, it appears to have been the legislative intent in enacting Chapter 70-80, supra, to cover elective and appointive officers at all levels of government. Ballard v. Cowart, Second District Court of Appeal, 238 So.2d 484, opinion filed August 14, 1970. The trial court held, and we agree, that Mr. Hagan having been appointed by the Orange County Commission, held an appointive office within the concept of the term “appointive” as used in Chapter 70-80, supra.
The preamble to Chapter 70-80, supra, indicates the legislative intent to prevent an official holding office from using the prestige and power of that office in seeking election to a different office. There is not the slightest inference in this case that Mr. Hagan would use the prestige and power of his present office in seeking election as a member of the State Legislature. However, the law must be applied on an objective rather than subjective basis. While the effect in this case is to declare ineligible one who has heretofore rendered a valuable public service without compensation, we conclude that Mr. Hagan was a public officer within the purview of Chapter 70-80, supra, and that the judgment should be affirmed.
Affirmed.
WALDEN and REED, JJ., concur.