McNULTY, Judge.
C. W. Lacy, an incumbent running for re-election in 1970 to the Manatee County School Board, received 13,375 votes. Appellant Evers, his opponent, received 13,372 votes. Whereupon, pursuant to statute,[1] Evers brought this suit challenging the absentee ballots but for which, undisputedly, he would have won.
Appellant’s standing to bring this suit depends upon his being an “unsuccessful candidate.”[2] This necessarily implies that he must have been eligible to be a candidate in the first instance. So appellee Lacy’s first affirmative defense is that Evers was not eligible to qualify as a candidate for the reason that he failed to comply with the “resign to run law.” [3] Without dispute it appears that in mid 1970 Evers had been appointed by the Mayor of the City of Bradenton to a one year term on that city’s Substandard Housing Board, an uncompensated, advisory board from which he failed to timely resign pursuant to the aforesaid law. The trial judge therefore held that appellant Evers “was not a qualified candidate for office and has no standing to bring this suit.” We affirm.
Appellant argues, first, that appel-lee Lacy is estopped from asserting the ineligibility of appellant for the reason that *72 he did not do so prior to the election when he first became aware of it. We might agree, arguendo, that if Lacy were the loser and sought to avoid Evers’ victory after the election he might well be estopped for failure to timely seek Evers’ disqualification. But appellee Lacy is not trying to “collaterally attack” the eligibility of Evers as a candidate, as appellant contends; rather, he is merely defending against an attack by Evers whose standing to so attack must first be established if he is to maintain that attack. Lacy may certainly use Evers’ ineligibility as a shield even if he could not use it as a sword. Appellant’s first contention falls.
He next counters, as he did below, that Lacy himself is ineligible as a candidate since he also failed to comply with the “resign to run law” in that he was a member of the Commissioner of Education’s Advisory Committee, headed by the Honorable Floyd Christian, from which he has not resigned. The trial judge found, and we would agree, that there is insufficient evidence in the record from which a determination could be made that Lacy was in fact appointed to such a commission for a definite term or for such period as would require his resignation under the aforesaid “resign to run law.” Additionally, it appears that even if Lacy were appointed to such a committee, and that his membership thereon was to run concurrently with his new term of office, such membership was ex officio in connection with, and within the scope of, his duties as an incumbent county school board member. We thus reject appellant’s second point.
Now, with regard to the merits of whether Evers’ membership on the city Substandard Housing Board required compliance with the “resign to run law,” Evers urges, first, that such membership was a non-remunerative, civic service, that the board acted in an advisory capacity only and that it existed solely at the pleasure of city council. He submits, therefore, that such a board is not within the purview of the “resign to run law.” Secondly, he suggests that that law only contemplates “incompatible” offices which, he argues, cannot include the two offices in question here. As authority for the latter proposition he patently mis-cites Holley v. Adams.[4] Neither Holley nor the statute itself dictates that the “resign to run law” is applicable only if the office sought is incompatible with the office held. On the contrary, the statute and its preamble compel the conclusion that the compatibility vel non of the offices in question is irrelevant. Enough said on the second point; and as to the prior point, an identical argument was rejected in Orange County v. Gillespie.[5]
Finally, appellant has recently filed a “Notice of Reliance” in which he points out that subsequent to the filing of the Notice of Appeal herein the legislature enacted Chapter 71-373, Laws of Florida 1971, which amended the “resign to run law” by providing that: “No person who serves as a member of any appointive board or authority, without salary, shall be in violation of this section by reason of holding any such office.” He relies on Florida East Coast Railway Company v. Rouse [6] for the proposition that an appellate court will dispose of a direct appeal according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed. Again, appellant misplaces his reliance. In that case the court was concerned with the application of an unconstitutional statute (i. e., the comparative negligence statute), and thus a void statute. Being void it could have no applicability at the time of the rendition of the judgment. Here, however, there is no question of the statute’s validity or of its applicability at the time the judgment here *73 in declared a violation thereof; and there is nothing in the 1971 amendment from which it can be said that prior legislative intent did not include members of all boards, whether advisory, non-remunerative or otherwise. That amendment is patently a change in the law, as distinguished from a clarification of prior legislative intent, and as such, it can be given no effect in the disposition of any case prior thereto.[7]
In view of the foregoing, therefore, we think the trial judge was correct and that the judgment appealed should be, and it is hereby, affirmed.
Affirmed.
LILES, A. C. J., and MANN, J., concur.

. See, § 102.161, F.S.1969, F.S.A.

. Id.

.§ 99.012(2) F.S.1969 (1970 Supplement).

. (Fla.1970), 238 So.2d 401.

. (Fla.App.1970), 239 So.2d 132, cert. denied (Fla.1970), 239 So.2d 825.

.(Fla.1967), 194 So.2d 260.

. Cf., Seaboard Coast Line Railroad Co. v. O’Connor, (Fla.App.1969) 229 So.2d 663, 666.