Beverly B. Burnsed Chairman House Committee on Higher Education Tallahassee
QUESTION:
May a member of the Florida House of Representatives who also chairs the House Higher Education Committee serve as a member of a community college board of trustees without violating the constitutional dual officeholding prohibition?
SUMMARY:
Unless and until judicially or legislatively determined otherwise, neither the constitutional dual officeholding prohibition nor the common-law doctrine on incompatible offices prevents you as a legislator and Chairman of the House Higher Education Committee from holding office and serving as a member of the Board of Trustees of the Polk Community College District.
In your letter you state that you have been reappointed by the Governor to the Polk Community College Board of Trustees contingent upon confirmation by the Senate. Section 240.313(4), F. S., requires that your appointment must also be approved by three members of the Cabinet and that you may not take office until after you receive the required Cabinet approval. In this regard, I note that your reappointment was approved at the Cabinet meeting held on July 12, 1979.
You state that some questions have arisen with regard to this appointment or reappointment since you are Chairman of the House Higher Education Committee and also sit on the Board of Trustees of the Polk Community College District. In addition, you recite that it has been suggested that ch. 79-222, Laws of Florida, in renumbering and amending s. 230.7535, F. S. 1977, has effected a change in the basis on which an earlier opinion of this office, AGO 075-153, was grounded. Furthermore, it has been suggested that the common-law doctrine of incompatibility of offices may serve to disqualify you from holding office as a member of the board of trustees of the community college district.
Before proceeding to address the questions you have posed, I feel obligated to mention Florida's Resign-to-Run Law, s. 99.012, F. S. That law requires, with certain exceptions, any elected or appointed officer who wishes to qualify as a candidate for another office, the term of which runs concurrently with or overlaps the term of the office he presently holds, to submit an irrevocable letter of resignation, resigning from the office he presently holds, before he can qualify as a candidate for the office he seeks. While this law is not applicable to the factual situation presented by your inquiry, since the office of trustee of a community college is not an elected public office for which you must qualify as a candidate, I must advise that you may become subject to the Resign-to-Run Law should you seek reelection to your seat in the Legislature. See Orange County v. Gillespie,239 So.2d 132 (4 D.C.A. Fla., 1970). Any question arising under the Resign-to-Run Law should be submitted to the Division of Elections of the Department of State. See s. 106.23(2), F. S.
Section 5(a), Art. II, State Const., provides in pertinent part:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers.
As you pointed out in your letter, my predecessor in office concluded in AGO 075-153 that it was not a violation of this provision for a member of the Legislature to serve simultaneously as a member of a board of trustees of a community college district. You are concerned, however, that the result reached in that opinion might be affected by the recent amendment to s. 230.7535, F. S. 1977, now found at s. 240.317, F. S. See s. 49 of ch. 79-222, Laws of Florida. The basis for the conclusion reached in AGO 075-153 was that a community college district is `an independent, separate legal entity created for the operation of a community college' and, consequently, that a trustee of the district is an officer of a special district, an office not covered by the constitutional prohibition. Cf. AGO 069-49.
Section 240.317, F. S., with the 1979 amendments emphasized, provides that:
 It is the legislative intent that community colleges, constituted as political subdivisions of the state, continue to be operated by district boards of trustees as provided in ss. 240.313(2) and 240.315 and that no department, bureau, division, agency, or subdivision of the state shall exercise any responsibility and authority to operate any community college of the state except as specifically provided by law or rules of the State Board of Education. (Emphasis supplied.)
It is my view that adding the phrase `constituted as political subdivisions of the state' would not have any effect on the result reached in AGO 075-153. In the first place, ss. 240.313 and 240.315, F. S., as amended, expressly denominate the entity as a district and its governing board as a district board, and s. 240.317 also expressly refers to `district boards of trustees.' Section 240.313(1) continues to provide, as it has for some years, that `[e]ach community college district . . . is an independent, separate, legal entity created for the operation of a community college.' Former s. 230.753(2)(a) and present s. 240.315 refer to the board of trustees as a body corporate and as a district board. The provisions of s. 240.313(1), which are identical to those contained in former s. 230.753(1), were the basis for the conclusion reached in AGO 075-153.
In the second place, the fact that s. 49 of ch. 79-222, Laws of Florida, specifies that community colleges are constituted as political subdivisions of the state does not serve to dissolve or terminate the existing community college districts or change the nature of such entities or their governing boards of trustees. Neither does it convert those districts into state agencies in the sense that the districts or their governing boards become part of the Executive Branch of state government or the officers of such districts become state officers. Cf. s. 6, Art. IV, State Const. Neither the title of ch. 79-222 nor the enacting provisions of part III of ch. 240, F. S., evidence any intent to effect such radical changes in the governing statutes or the legislative purpose found throughout part III. Legislative intent to effect such alterations in the composition and nature of these governmental entities must be clearly manifested. State ex rel. Housing Authority of Plant City v. Kirk, 231 So.2d 522 (Fla. 1970). Chapter 79-222 obviously did not establish the community college districts or the several district boards of trustees as counties or municipalities or agencies of counties or municipalities. Further, former s. 230.7535 and present s. 240.317 both command that no department, agency, or subdivision of the state shall exercise any responsibility or authority to operate any community college except as specifically provided by law or rules of the State Board of Education.
Finally, I would note that s. 1.01(9), F. S., provides that in construing Florida Statutes 1979, when the context permits, the term `political subdivision' includes `all other districts in this state.' Within the purview and for the purposes of various laws, such terms as `public bodies,' `political subdivisions,' or `subdivisions' apply to and govern special districts. See, e.g., ss. 163.01(3)(b), 215.43, and 218.31(5), F. S.; AGO's 074-17, 074-147, and 076-196; and Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919) holding that the board of commissioners of the Everglades Drainage District, a body corporate, was a public quasi-corporation and, as such, a governmental agency of the state for certain definite purposes, having such authority only as was delegated to it by law. Also see 72 C.J.S. Political, p. 223, wherein it is recognized that the term `political subdivision' may be used in both its broad and narrow sense, the former denoting any subdivision of the state created for a public purpose although only authorized to exercise a portion of the sovereign power of the state to a limited degree. Cf. State Department of Citrus v. Huff, 290 So.2d 130 (2 D.C.A. Fla., 1974).
As to the common-law rule on incompatible offices, this doctrine operates to prevent a public officer from holding two incompatible offices at the same time; it has been recognized to be in effect in this state, notwithstanding the above-discussed constitutional prohibition. See s. 2.01, F. S., and AGO's 075-60 and 070-46. In this latter opinion it was stated:
 The incompatibility that will disqualify lies in a conflict between the duties and functions of the two offices, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other.
See generally 64 Am. Jur.2d Public Officers and Employees ss. 61-81, pp. 667-680, and 67 C.J.S. Officers ss. 15, 23, 24, and 27 at pp. 253-255, 269-274, and 279-284.
We are not dealing here with a situation in which the office of community college trustee is subordinate or subject to any supervisory power of the house committee which you chair. Neither is it a case where you, as a member of the House of Representatives or as Chairman of the Higher Education Committee, have any power to appoint or remove trustees of a community college district. It is true that, as a legislator, you are a member of the body which has the power to set the compensation paid to any officer of any statutory entity or district, including that of the trustees of the community college districts. See, however, s. 240.313(5), F. S., providing that members of the boards of trustees shall receive no salary. To hold that this factor alone is decisive and operates to preclude your appointment to and holding of the office of a trustee of a community college district would mean that no member of the Legislature could ever hold any other office of any district or statutorily created public body corporate or politic since the Legislature ultimately has the power to set the compensation or salaries of all public officers, state and local. Moreover, the Legislature ordinarily does not possess any authority to administer or enforce those statutes governing the operation of statutory entities or authorities, administrative agencies, statutorily created public corporations, or public quasi-corporations or authorities or to exercise any authority to operate the same. Such functions properly belong to the executive branch of government, not the legislative branch. Cf. In re Advisory Opinion to the Governor,223 So.2d 35 (Fla. 1969). Thus, as a legislator, you have no duties with respect to the operation of a community college. Since the common-law doctrine of incompatibility is a judicially fashioned prohibition on the right to hold office, which right should not be curtailed except under the plainest circumstances, Ervin v. Collins, 85 So.2d 852 (Fla. 1956), and Vieira v. Slaughter, 318 So.2d 490 (1 D.C.A. Fla., 1975), and in view of the fact that I have failed to find any judicial support for the proposition that a legislator cannot hold or serve in a district office, I am of the view that the common-law doctrine of incompatibility does not preclude your holding office and serving as a member of the Board of Trustees of Polk Community College District.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General