SHARP, Judge,
dissenting.
I disagree that this case is moot. If the trial court erred in ordering Ingham removed from the ballot for the Republican primary election in Orange County, that order should be reversed, giving Ingham the right to be a candidate for the election. We should not speculate as to whether further court litigation may result, but instead should address 'the merits of the issue of plaintiff Dodds’ standing to bring this action.
Had Dodds, for example, been a resident of Juneau, Alaska on an extended visit to Disney, I doubt any court in Florida would rule that he has standing to question a Florida candidate’s qualification to be on a Florida primary ballot. However, the parties concede that Dodds is a resident of Orange County, and a registered Republican voter qualified, to vote for the office of sheriff in the primary election in question. In my view he has standing to enforce section 99.021(l)(b), Florida Statutes (1983), by filing this lawsuit. In view of the absence of any articulated caselaw on this subject,[1] we should affirm — not dismiss— this appeal.

. See Evers v. Lacy, 257 So.2d 70 (Fla. 2d DCA 1972); Orange County v. Gillespie, 239 So.2d 132 (Fla. 4th DCA), cert. denied, 239 So.2d 825 (Fla.1970); Ballard v. Cowart, 238 So.2d 484 (Fla. 2d DCA 1970).