Mr. Mark F. Carpanini Polk County Attorney Drawer AT01 Post Office Box 9005 Bartow, Florida 33831-9005
Dear Mr. Carpanini:
On behalf of the Polk County Board of County Commissioners, you ask substantially the following question:
May a county code enforcement hearing officer also serve, by appointment of the Governor, as a member of the Central Florida Regional Planning Council without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
A county code enforcement hearing officer with the authority to conduct hearings, issue orders and impose fines is an officer for purposes of the constitutional dual officeholding prohibition. In light of the decision of the Fourth District Court of Appeal inOrange County v. Gillespie,[1] and until legislatively or judicially clarified, membership on a regional planning council constitutes an office within the meaning of Article II, section5(a), Florida Constitution. Thus, a county code enforcement hearing officer is precluded from simultaneously serving on a regional planning council. The Legislature, however, may wish to clarify the status of these regional planning councils and their officers.
Article II, section 5(a), Florida Constitution, provides in relevant part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ." The prohibition applies to both elected and appointed offices.[2]
The Constitution does not define the term "office," and the Legislature has not sought to define the term to clarify the parameters of this constitutional prohibition. The Supreme Court of Florida, however, in State ex rel. Holloway v. Sheats[3]
stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract."
It is, therefore, the nature of the powers and duties of a particular position that determines whether it is an "office" or an "employment."
You state that, at least for financial disclosure purposes, Polk County code enforcement hearing officers are considered local officers. Polk County code enforcement hearing officers are authorized to conduct administrative hearings to determine whether an individual violated the county code and to issue orders and impose fines for violations of the code.[4] They are appointed by the board of county commissioners for three-year terms.[5]
In Attorney General's Opinion 81-61, this office considered whether a member of a code enforcement board was an officer for purposes of Article II, section 5(a), Florida Constitution. This office considered the powers of the enforcement board to conduct hearings and take testimony under oath, to issue orders having the force of law commanding whatever steps are necessary to bring a violation into compliance, and to impose fines. Based upon such powers, this office concluded that membership on a code enforcement board is an office for purposes of the dual officeholding prohibition.
It appears that in Polk County the code enforcement hearing officers operate in place of a code enforcement board in conducting hearings for county code violations and in assessing fines for such violations. In such capacity, the code enforcement hearing officers would appear to be exercising the sovereign power of the state and, like the code enforcement board considered in Attorney General Opinion 81-61, would constitute officers for purposes of Article II, section 5(a), Florida Constitution.[6]
The "Florida Regional Planning Council Act," sections186.501-186.513, Florida Statutes, authorizes the creation of regional planning councils in each of the several comprehensive planning districts of the state in order to effectively carry out a wide variety of federal and state program designations and to avoid a proliferation of overlapping, duplicating, and competing agencies.[7] The declared purpose of the act is
"to establish a common system of regional planning councils for areawide coordination and related cooperative activities of federal, state, and local governments; ensure a broad-based regional organization that can provide a truly regional perspective; and enhance the ability and opportunity of local governments to resolve issues and problems transcending their individual boundaries."[8]
The regional planning councils serve as the primary organizations to address problems and plan solutions that are of greater than local concern, and it is through the regional planning councils that local governments may provide input into state policy development.[9] While the councils do not act as a permitting or regulatory entity, they are recognized as the multipurpose regional entity that is in a position to plan for and coordinate intergovernmental solutions to growth-related problems on greater than local issues, provide technical assistance to local governments, and meet other needs of the communities in each region.[10]
In order to accomplish these legislatively prescribed goals, regional planning councils have been given a number of specifically enumerated powers, including the power to contract; to sue and be sued in its own name; to accept funds, grants and services from governmental or private sources; to adopt rules; and to participate with other organizations, public and private, in the coordination or conduct of its activities.[11] Regional planning councils must prepare and submit to the Executive Office of the Governor a proposed comprehensive regional policy plan, addressing significant regional resources, infrastructure needs, or other important issues within the region as well as specifying regional issues that may be used in reviewing a development of regional impact.[12] The Executive Office of the Governor arbitrates disputes between or among the regional planning councils.[13]
In Orange County v. Gillespie,[14] the court considered whether a voting member of the East Central Florida Regional Planning Council was a "public officer" within the meaning of Florida's Resign-to-Run Law, which required elected or appointed public officials to resign from office before seeking another public office. While it was argued that the council acted in an advisory capacity, the court held that the regional planning councils had been delegated and possessed the powers and attributes of sovereignty.
Thus, the court held that members of such councils constituted public officers for purposes of the resign-to-run law at that time applicable to state, county or municipal offices.[15] The court, therefore, concluded that the member was ineligible to qualify as a candidate for the office of state representative in the primary prior to resigning from the planning council.
In light of the court's decision in Orange County v. Gillespie,supra, it appears that a member of a regional planning council would be similarly precluded from holding another public office under the dual officeholding prohibition contained in Article II, section 5(a), Florida Constitution.
The Gillespie court recognized, however, that the jurisdiction of the regional councils was regional, not statewide. In AdvisoryOpinion to the Governor — Dual Officeholding,[16] the Supreme Court of Florida concluded that special district offices are not state, county or municipal offices and thus not included within the dual officeholding prohibition. The Supreme Court held that a member of a community college district board of trustees
"is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual officeholding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
Similarly, regional planning councils appear to have been created to perform a special governmental function within a defined region. However, as noted above, the court in Orange County v.Gillespie, supra, held that regional planning council members were officers within the meaning of the resign-to-run law, which at that time applied only to state, county, or municipal offices. It would, therefore, appear that the court considered such councils to be acting on behalf of the state in implementing state policies regarding growth management.
In light of the Fourth District Court of Appeal decision in OrangeCounty v. Gillespie, supra, and since the dual officeholding prohibition, like the resign-to-run law considered in Gillespie,
also applies to state, county, or municipal offices, I must, until legislatively or judicially clarified, conclude that membership on a regional planning council constitutes an office within the meaning of Article II, section 5(a), Florida Constitution. Thus, a code enforcement hearing officer would be precluded from simultaneously serving on a regional planning council. The Legislature, however, may wish to clarify the status of these regional planning councils and their officers.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] 239 So.2d 132 (Fla. 4th DCA 1970), cert. den., 239 So.2d 825
(Fla. 1970).
[2] See, Blackburn v. Brorein, 70 So.2d 293, 296 (Fla. 1954), noting that "election by the people or the appointment by the Governor is not the true test in determining whether . . . an office exists and the individual filling the position is an officer [rather than] an employee."
[3] 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v.Hocker, 22 So. 721 (Fla. 1897).
[4] Section 2-109, Polk County Code. Cf., Verdi v. MetropolitanDade County, 684 So.2d 870 (Fla. 3d DCA 1996), concluding that s.162.03(2), Fla. Stat., clearly confers authority upon a county to adopt, by ordinance, an alternative code enforcement system to permit either a code enforcement board or an administrative hearing officer to conduct hearings and assess fines for code violations.
[5] Id.
[6] Compare, Op. Att'y Gen. Fla. 94-40 (1994), concluding that a code enforcement officer under the provisions in Ch. 162, Fla. Stat., would not be an "officer" for purposes of the dual officeholding prohibition, as the position entails notifying a violator of a violation and giving the violator a reasonable time to correct it, and if the violation continues, notifying the code enforcement board and requesting a hearing.
[7] See, s. 186.502(1)(c), Fla. Stat. The comprehensive planning districts are geographic areas within the state designated by the Executive Office of the Governor. See, s. 186.503(1), Fla. Stat.
[8] Section 186.502(2), Fla. Stat.
[9] Section 186.502(3), Fla. Stat.
[10] See, s. 186.502(4), Fla. Stat.
[11] See, s. 186.505, Fla. Stat. Such councils constitute "agencies" for purposes of Ch. 120, Fla. Stat. See, s. 120.52(1), Fla. Stat., defining "Agency" for purposes of Ch. 120, Fla. Stat., the Administrative Procedure Act, to mean, among others, those entities described in s. 186.504, Fla. Stat.
[12] Section 186.508(1), Fla. Stat. This regional policy plan contains regional goals and policies regarding growth management and must be consistent with the adopted state comprehensive plan. Section 186.507(1), Fla. Stat.
[13] See, s. 186.506(1), Fla. Stat.
[14] 239 So.2d 132 (Fla. 4th DCA 1970), cert. den.,239 So.2d 825 (Fla. 1970). The court considered a regional planning council established under former Ch. 160, Fla. Stat. (see now ss.186.501-186.513, Fla. Stat.).
[15] See, s. 99.012, Fla. Stat. (1971), stating in subsection (2) that "[n]o individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county, or municipal, the term of which or any part thereof runs concurrently with the term of office for which he seeks to qualify without resigning from such office. . . ." Section 99.012 was subsequently amended and now refers to district offices in addition to state, county and municipal offices; however, at the time the court reached its opinion in Orange County v. Gillespie,supra, the statute did not refer to district offices.
[16] 630 So.2d 1055, 1058 (Fla. 1994). Regional planning councils are not listed as special districts by the Department of Community Affairs. See, s. 189.4035, Fla. Stat., requiring the department to prepare an official list of special districts. However, neither are community college districts yet the Supreme Court in the above advisory opinion deemed the board of trustees to be district officers outside the parameters of Art. II, s. 5(a), Fla. Const.