Mr. Gerald S. Livingston General Counsel, East Central Florida Regional Planning Council Post Office Box 2151 Orlando, Florida 32802
Dear Mr. Livingston:
On behalf of the East Central Florida Regional Planning Council, you ask substantially the following question:
Does section 48 of Chapter 2001-254, Laws of Florida, which limits subsistence reimbursement under section 112.061, Florida Statutes, apply to council members and employees of a regional planning council?
In sum:
Section 48 of Chapter 2001-254, Laws of Florida, which limits subsistence reimbursement under section 112.061, Florida Statutes, applies to council members and employees of a regional planning council.
During the 2001 legislative session, the Legislature passed Senate Bill 2002 (enacted as Chapter 2001-254, Laws of Florida) to implement the 2001-2002 General Appropriations Act (Chapter2001-253, Laws of Florida). Section 48 of Chapter 2001-254 added paragraph (c) to subsection 112.061(5) and paragraph (d) to subsection 112.061(6), Florida Statutes, each of which provides:
"For the 2001-2002 fiscal year only and notwithstanding the other provisions of this subsection, for Class C travel, a state traveler shall not be reimbursed on a per-diem basis nor shall a traveler receive subsistence allowance. This paragraph expires July 1, 2002."
The above provision makes no distinction between travel by a public agency's officers and its employees. Class C travel is defined by section 112.061, Florida Statutes, as "[t]ravel for short or day trips where the traveler is not away from his or her official headquarters overnight."[1]
In Attorney General Opinion 01-58, this office considered whether the limitation contained in section 48 of Chapter 2001-254, Laws of Florida, applied to county employees. While recognizing that the provisions of section 112.061, Florida Statutes, apply to state and local governments,[2] this office concluded that the limitation on per diem and subsistence reimbursement for Class C travel applied only to state travelers, that is, persons traveling on behalf of state rather than local government. Such a conclusion was reached after reviewing the language of section 48, which specifically refers to state travelers and the fact that the 2001-2002 General Appropriations Act is the general appropriation act for state government.
In Attorney General Opinion 01-28, this office discussed the status of regional planning councils. This office was asked to consider whether membership on a regional planning council constituted a state office or a district office for purposes of the dual officeholding prohibition contained in Article II, section 5(a), of the Florida Constitution. Based in part on the court's holding in Orange County v. Gillespie,[3] which held that regional planning council members were officers within the meaning of the resign-to-run law, which at that time applied only to state, county, or municipal offices, this office concluded that regional planning council members are state officers. While this office suggested the Legislature may wish to clarify the status of these regional planning councils and their officers, an examination of the court's decision in Gillespie, supra, indicated that the court considered such councils to be acting on behalf of the state in implementing state policies regarding growth management.
Regional planning councils receive funding from the General Appropriations Act to carry out their functions.[4] Further, I would note that regional planning councils are not listed by the Department of Community Affairs as special districts.[5] In light of the above and until clarified by the Legislature, it appears that regional planning councils are acting on behalf of the state. Thus, members of the councils and their staff, in incurring travel expenses to carry out such functions, constitute state travelers for purposes of section 112.061, Florida Statutes.
Accordingly, I am of the opinion that section 48 of Chapter 2001-254, Laws of Florida, which limits subsistence reimbursement under section 112.061, Florida Statutes, applies to members and employees of a regional planning council.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tzg
[1] Section 112.061(2)(m), Fla. Stat. Compare, s. 112.061(2)(k) and (l), Fla. Stat., which respectively define Class A and B travel:
"(k) Class A travel — Continuous travel of 24 hours or more away from official headquarters.
(l) Class B travel — Continuous travel of less than 24 hours which involves overnight absence from official headquarters."
And see, s. 112.061(5) and (6), Fla. Stat., which respectively prescribe the method for the computation of travel time for reimbursement and the rates of per diem and subsistence reimbursement.
[2] See, s. 112.061(1), Fla. Stat., setting forth the legislative intent that travel expenses and per diem for all public officers, employees, and authorized persons whose travel expenses are paid by a public agency would be subject to the rates and limitations set forth in the statute, unless expressly exempted by general law or in conflict with special or local law.And see, s. 112.061(2)(a), (c), (d), and (e), Fla. Stat., respectively defining "[a]gency or public agency," "[o]fficer or public officer," "[e]mployee or public employee," and "[a]uthorized person."
[3] 239 So.2d 132 (Fla. 4th DCA 1970), cert. denied,239 So.2d 825 (Fla. 1970).
[4] See, e.g., Specific Appropriation 1520, 2001-2002 General Appropriations Act, Ch. 01-253, Laws of Florida.
[5] See, Official List of Special Districts at:www.dca.state.fl.us/fhcd/programs/sdip/OffLst/OffLst.htm. Andsee, s. 189.4035, Fla. Stat., requiring the Department of Community Affairs to compile the official list of special districts which shall include all special districts in this state and shall indicate the independent or dependent status of each district.