Dear Messrs. Goren and Horowitz:
On behalf of the South Florida Regional Planning Council, you have asked for my opinion on substantially the following question:
Is the South Florida Regional Planning Council considered a "unit of government" as that phrase is used in section 215.425, Florida Statutes, as amended by Chapter 2011-143, Laws of Florida, for the purpose of determining severance payments for its employees?
In sum:
The South Florida Regional Planning Council is a "unit of government" for purposes of section 215.425, Florida Statutes, as amended by Chapter 2011-143, Laws of Florida, for determining severance payments for its employees.
You advise that the South Florida Regional Planning Council is currently negotiating an employment agreement with a prospective executive director and is seeking guidance regarding whether the regional planning council is subject to section 215.425(4)(a), Florida Statutes.
The South Florida Regional Planning Council was created pursuant to the "Florida Regional Planning Council Act," sections 186.501 — 186.513, Florida Statutes. The act authorizes the creation of regional planning councils in each of the several comprehensive planning districts of the state in order to effectively carry out a wide variety of federal and state program designations and to avoid a proliferation of overlapping, duplicating, and competing agencies.[1] The comprehensive planning districts are geographic areas within the state designated by the Executive Office of the Governor.[2]
The purpose of the act is
"to establish a common system of regional planning councils for areawide coordination and related cooperative activities of federal, state, and local governments; ensure a broad-based regional organization that can provide a truly regional perspective; and enhance the ability and opportunity of local governments to resolve issues and problems transcending their individual boundaries."[3]
As provided in the act, regional planning councils serve as the primary organizations to address problems and plan solutions that are of concern on more than a local level and it is through the regional planning councils that local governments may provide input into state policy development.[4] While the councils do not act as a permitting or regulatory entity, they are recognized as the multipurpose regional entity that is in a position to plan for and coordinate intergovernmental solutions to growth-related problems on greater-than-local issues, provide technical assistance to local governments, and meet other needs of the communities in each region.[5]
In order to accomplish these legislatively prescribed goals, regional planning councils have been given a number of specifically enumerated powers, including the power to enter into contracts and agreements; to sue and be sued in their own names; to accept funds, grants, and services from governmental or private sources; to adopt rules; and to participate with other organizations, public and private, in the coordination or conduct of their activities.[6] Regional planning councils are authorized by section 186.505, Florida Statutes, to employ and compensate personnel, consultants, and technical and professional assistants as are determined to be necessary to perform the duties set forth in the act.[7] Such councils constitute "agencies" for purposes of Chapter 120, Florida Statutes, the "Administrative Procedures Act."[8]
Regional planning councils must prepare and submit to the Executive Office of the Governor a proposed comprehensive regional policy plan, addressing significant regional resources, infrastructure needs, or other important issues within the region as well as specifying regional issues that may be used in reviewing a development of regional impact.[9] This regional policy plan contains regional goals and policies regarding growth management and must be consistent with the adopted state comprehensive plan.[10] The Executive Office of the Governor arbitrates disputes between or among the regional planning councils.[11]
While Florida courts have not addressed the issue of regional planning councils as "units of government," they have considered the nature of regional planning councils and determined that board members are officers for purpose of Florida's Resign-to-Run Law and the constitutional dual office-holding prohibition. In Orange County v.Gillespie, [12] the court considered a regional planning council established under former Chapter 160, Florida Statutes.[13] The court considered whether a voting member of the East Central Florida Regional Planning Council was a "public officer" within the meaning of Florida's Resign-to-Run Law, which required elected or appointed public officials to resign from office before seeking another public office. While it was argued that the council acted in an advisory capacity, the court held that the regional planning councils had been delegated and possessed the powers and attributes of sovereignty.
Thus, the court held that members of such councils constituted public officers for purposes of the resign-to-run law at that time applicable to state, county, or municipal offices.[14] The court concluded that the member was ineligible to qualify as a candidate for the office of state representative in the primary prior to resigning from the planning council. Likewise, this office has, for purposes of dual office-holding considerations, determined that membership on a regional planning council constitutes an office within the meaning of Article II, section5(a), Florida Constitution, Florida's dual office-holding prohibition.[15]
Section 215.425, Florida Statutes, prohibits extra compensation payments in the absence of a policy or contract. Subsection (1) of the statute, as amended by section 1, Chapter 2011-143, Laws of Florida, provides that:
"No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by a law enacted by two-thirds of the members elected to each house of the Legislature. However, when adopting salary schedules for a fiscal year, a district school board or community college district board of trustees may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year."
The statute was amended during the 2011 legislative session to authorize certain limited types of extra compensation[16] and to require that any policy, ordinance, rule or resolution crafted to implement a bonus scheme meet certain legislatively prescribed standards:
 "(3) Any policy, ordinance, rule, or resolution designed to implement a bonus scheme must:
 (a) Base the award of a bonus on work performance;
 (b) Describe the performance standards and evaluation process by which a bonus will be awarded;
 (c) Notify all employees of the policy, ordinance, rule, or resolution before the beginning of the evaluation period on which a bonus will be based; and
 (d) Consider all employees for the bonus."[17]
You specifically inquire about subsection (4) which requires in subparagraph (a), that after July 1, 2011:
"a unit of government that enters into a contract or employment agreement, or renewal or renegotiation of an existing contract or employment agreement, that contains a provision for severance pay with an officer, agent, employee, or contractor must include the following provisions in the contract:
1. A requirement that severance pay provided may not exceed an amount greater than 20 weeks of compensation.
2. A prohibition of provision of severance pay when the officer, agent, employee, or contractor has been fired for misconduct, as defined in s. 443.036(29), by the unit of government."[18]
The phrase "unit of government" as it is used in section 215.425, Florida Statutes, is not defined. In the absence of a statutory definition, the plain and ordinary meaning of a word can be ascertained, if necessary by reference to a dictionary.[19] The word "government" is commonly defined as "the political direction and control exercised over the actions of the members, citizens, or inhabitants of communities, societies, and states; direction of the affairs of a state, community, etc.; political administration[;]"[20] or "[a] system by which a political unit is governed[;] [a] governing body or organization."[21] A "unit" is defined as "one of a number of things, organizations, etc., identical or equivalent in function or form[;]" and "[o]ne regarded as a constituent part of a whole" or "[a] part, device, or module that performs a particular function."[22] Thus, a "unit of government" would appear to be a governing body or organization that constitutes a part of the political administration of this state.
Regional planning councils are the primary organizations in this state addressing intergovernmental planning problems and providing solutions and technical assistance. These planning councils act on behalf of the state in implementing state policies relating to growth management. Regional planning councils are statutorily authorized and regulated entities responsible for formulating regional planning processes. Board members or planning councils are subject to the Florida's Resign-to-Run Law and the dual office-holding prohibition.[23] Thus, it would appear that regional planning councils created pursuant to the "Florida Regional Planning Council Act" are a part of the political administration of this state and would constitute "units of government" for purposes of section 215.425, Florida Statutes, as amended by Chapter 2011-143, Laws of Florida.
In sum, it is my opinion that the South Florida Regional Planning Council is a "unit of government" as that phrase is used in section 215.425, Florida Statutes, as amended by Chapter 2011-143, Laws of Florida, for the purpose of determining severance payments for its employees.
Sincerely,
Pam Bondi
Attorney General
PB/tgh
[1] See s. 186.502(1)(c), Fla. Stat.
[2] See s. 186.503(1), Fla. State
[3] Section 186.502(2), Fla. Stat.
[4] Section 186.502(3), Fla. Stat.
[5] See s. 186.502(4), Fla. Stat.
[6] See s. 186.505, Fla. Stat.
[7] Section 186.505(4), Fla. Stat.
[8] See s. 120.52(1), Fla. Stat., defining "Agency" for purposes of Ch. 120, Fla. Stat., the Administrative Procedure Act, to mean, among others, those entities described in s. 186.504, Fla. Stat.
[9] Section 186.508(1), Fla. Stat.
[10] Section 186.507(1), Fla. Stat.
[11] See s. 186.506(1), Fla. Stat.
[12] 239 So. 2d 132 (Fla. 4th DCA 1970), cert. denied,239 So. 2d 825 (Fla. 1970).
[13] See now ss. 186.501-186.513, Fla. Stat.
[14] See s. 99.012, Fla. Stat. (1971), stating in subsection (2) that "[n]o individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county, or municipal, the term of which or any part thereof runs concurrently with the term of office for which he seeks to qualify without resigning from such office. . . ." Section 99.012(2) was subsequently amended and now refers to district offices in addition to federal, state, county, and municipal offices; however, at the time the court reached its opinion in Orange County v. Gillespie, supra, the statute did not refer to district offices.
[15] See Op. Att'y Gen. Fla. 01-28 (2001).
[16] See s. 1(2), Ch. 2011-143, Laws of Fla.
"This section does not apply to:
 (a) A bonus or severance pay that is paid wholly from nontax revenues and nonstate-appropriated funds, the payment and receipt of which does not otherwise violate part III of chapter 112, and which is paid to an officer, agent, employee, or contractor of a public hospital that is operated by a county or a special district; or
 (b) A clothing and maintenance allowance given to plainclothes deputies pursuant to s. 30.49."
[17] Section 215.425(3), Fla. Stat.
[18] Further, any agreement or contract, executed on or after July 1, 2011, which involves extra compensation between a unit of government and an officer, agent, employee, or contractor may not include provisions that limit the ability of any party to the agreement or contract to discuss the agreement or contract pursuant to section 215.425(5), Fla. Stat.
[19] See Green v. State, 604 So. 2d 471, 473 (Fla. 1992);Plante v. Department of Business and Professional Regulation,685 So. 2d 886, 887 (Fla. 4th DCA 1996), WFTV, Inc. v. Wilken,675 So. 2d 674 (Fla. 4th DCA 1996); State v. Cohen,696 So. 2d 435 (Fla. 4th DCA 1997).
[20] Webster's New Universal Unabridged Dictionary 2003, p. 826.
[21] The American Heritage Dictionary (office ed. 1987), p. 303.
[22] Webster's New Universal Unabridged Dictionary 2003, p. 2074; The American Heritage Dictionary (office ed. 1987), p. 741.
[23] See Art. II, s. 5(a), Fla. Const., providing a dual office-holding prohibition and s. 99.012, Fla. Stat., for resign-to-run requirements.